CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA.
FILED

JAN 28 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DONALD J. WRIGHT, | ) | CASE NO. 4:07CV00016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a February 23, 2007 final decision of the Commissioner which denied plaintiff's September 24, 2004 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity during the relevant time period; had an alleged disability onset date of June 15,

1989; and was insured for benefits through June 30, 1995[1]. (R. 13, 16.) The Law Judge further found that plaintiff's substance abuse and an anxiety related disorder were severe impairments, though not severe enough to meet or equal any listed impairment prior to his last insured date. (R. 16.) The Law Judge was of the view that plaintiff, a younger individual[2], retained the residual functional capacity to perform a wide variety of work activities, and he was capable of returning to his past relevant work as a general laborer in a tobacco company and a farm laborer. (R. 17, 19.) Moreover, the Law Judge found that the Medical-Vocational Guidelines ("grids"), mandated a finding that there were jobs in the national economy that he could perform, and ultimately, the Law Judge concluded that plaintiff was not disabled under the Act. (R. 19-20.)

Plaintiff appealed the Law Judge's decision to the Appeals Council which found no basis in the record or in the reasons advanced on appeal to review the Law Judge's decision. (R. 6-10.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v, Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support.

---

[1] Although the Law Judge notes that plaintiff's last insured date is March 30, 1995 (R. 16, 20), the DIB Insured Status Report provides that his last insured date is actually June 30, 1995. (R. 91.)

[2] On his last insured date, plaintiff was forty-two years old. (R. 19.) Under the Regulations, an individual forty-five to forty-nine years old is a "younger person." 20 C.F.R. § 404.1563(c).

2

20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that he was disabled during the relevant time period on the basis that he met § 12.06 of the Listing of Impairments, 20 C.F.R. Part 404, Subpart. P, Appendix 1 ("Listings"). (Pl's Brief, pp. 10-13.) Also, plaintiff argues that the Law Judge erred in finding that his substance abuse was likely a material factor to any disability determination. (Pl's Brief, pp. 11-12.) Specifically, he contends that the evidence shows his "main problem" was his anxiety disorder, not substance abuse. (*Id.*)

In order to qualify under § 12.06, a claimant must meet the requirements set forth in subsections A and B, or A and C.[3] Subsection A requires medically documented findings of at least one of the following:

> 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
>
> a. Motor tension; or
>
> b. Autonomic hyperactivity; or
>
> c. Apprehensive expectation; or
>
> d. Vigilance and scanning;
>
> Or
>
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense

---

[3] Plaintiff argues that met subsections A and B. (Pl's Brief, p. 11.)

3

apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

4. Recurrent obsessions or compulsions which are a source of marked distress; or

5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

Under the subsection B, a claimant must demonstrate that an anxiety disorder results in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

Finally, in order to satisfy subsection C, a claimant must show a complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06 (2007).[4]

It is undisputed that plaintiff did not receive medical treatment for his anxiety disorder and post-traumatic stress disorder ("PTSD") between June 15, 1989, the alleged date of disability onset, through June 30, 1995, the date he was last insured. At the conclusion of the February 1, 2006 hearing before the Law Judge, plaintiff's counsel was granted leave to supply evidence from plaintiff's treating psychiatrist regarding whether he met the requirements of the Listings, the extent to which he had any functional limitations, and whether any present condition could be related back to period he was last insured. (R. 632-637.) It was agreed that if plaintiff was

---

[4]The 2007 version of the regulations were in effect at the time the final administrative decision issued, and, therefore, are cited here. *See Bryant v. Barnhart*, 63 Fed. Appx. 90, 93 n.1 (4th Cir. 2003). Even if it were determined that the 2006 Regulations apply, they substantively were identical to those in 2007.

4

unsuccessful in obtaining this evidence, the record then would be sent to a medical expert ("ME") for further review and, inferentially, for further consideration by the Law Judge. (R. 635.)

In a letter dated March 3, 2006, plaintiff's counsel reported that his treating sources refused to render an opinion regarding whether he met or equaled the requirements of § 12.06 prior to the date he was last insured. (R. 70-71.) Plaintiff's records were subsequently sent to Robert Muller, Ph.D., a ME. (R. 74-76.) Dr. Muller opined that although it was possible plaintiff's PTSD met the requirements of the Listings prior to June 20, 2005, there simply was no information regarding the level of his symptoms during the relevant time period upon which such a determination could be made. (R. 78.)

In asking the court to find that he met the requirements of § 12.06 as a matter of law, plaintiff is asking the court to do something his treating sources refused to do, and something beyond the scope of judicial review, namely making a *de novo* determination of plaintiff's mental state. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)(holding that the court is limited to determining whether the Law Judge's findings are supported by substantial evidence).

Beyond that already mentioned above, there is substantial evidence in the record to support the Law Judge's finding that plaintiff did not meet the requirements of § 12.06. E. Hugh Tenison, Ph.D. a record reviewing physician, noted that plaintiff received no psychological treatment, in-patient or outpatient, during the relevant time period. (R. 197.) He opined that plaintiff did not meet any Listing during the relevant time period. (R. 195-209.) Eugene Hamilton, Ph.D., another record reviewing physician, also noted that there is no evidence regarding plaintiff's mental status during the relevant time period. (R. 222.) Dr. Hamilton

opined that plaintiff did not meet the requirements of any listed impairment. (R. 210-224.)

In sum, plaintiff has not met his burden of proving that he met the requirements of § 12.06. Thus, the Law Judge's decision is supported by substantial.

The undersigned also finds that plaintiff's argument that the Law Judge erred in finding that his alcohol abuse was a contributing factor material to a determination of his disability lacks merit. The ME, Dr. Muller, noted plaintiff's own admission that he had a "significant history" of abusing of cocaine, marijuana, and alcohol. (R. 78.) Dr. Muller conceded that, although it would not be possible to determine the exact impact, the abuse of alcohol and illegal drugs would have "most definitely" exacerbated any psychological difficulties he was experiencing at the time. (*Id.*) When asked whether the substance abuse was a major factor during the relevant time period, Dr. Muller opined that it was likely a strong contributing factor to any functional limitations. (R. 79.) Ultimately, Dr. Muller concluded that plaintiff's substance abuse was likely a material factor impacting the severity of any psychological condition. (R. 78.) Additionally, plaintiff's records from McGuire Medical Center, admittedly prior to his alleged disability onset date, confirm that although his anxiety disorder was technically viewed as his primary problem, his substance abuse and anxiety disorder were intricately linked in that his substance abuse was a symptom of and coping mechanism for his anxiety disorder. (R. 144-148.) Finally, having determined that plaintiff was not disabled under the Act, the Law Judge didn't need to address the impact of his alcoholism. *See* 20 C.F.R. § 416.935; *Begley v. Astrue*, 2007 WL 2138703 *10 (WD Va. 2007)(holding that a claimant shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the finding of disability).

For these reasons, it is RECOMMENDED that an Order enter GRANTING the

Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

1-28-2008
Date

7