IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DONALD J. WRIGHT, ) | |
| ) | Case No. 4:07CV00016 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |
| ) | |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that the Commissioner of Social Security's ("Commissioner") final decision denying Donald J. Wright's ("Plaintiff") claim for benefits be affirmed. Plaintiff filed objections to the Report and the Commissioner filed a response. I reviewed the Magistrate Judge's Report, Plaintiff's objections, the Commissioner's response, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will ADOPT the Magistrate Judge's Report and REJECT Plaintiff's objections.

I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Magistrate Judge's Report explains the background of this case in sufficient detail, and I need not repeat it here. Plaintiff objects to the conclusion that substantial evidence exists to support the Commissioner's decision. (Pl. Obj. ¶ 1.) Specifically, Plaintiff argues that the medical evidence in the record reflecting treatment from July 1985 through July 1986 combined with the reports from 2003 through 2006 demonstrate that Plaintiff was disabled during the relevant period of June 15, 1989, to June 30, 1995. (Pl. Obj. ¶¶ 2–3.)

1

## II. STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision when: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g) (2003); *see also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The regulations charge the Commissioner of Social Security with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2006). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

## III. DISCUSSION

Initially, in evaluating Plaintiff's claims of disability, the ALJ properly used the five step analysis found in 20 C.F.R. § 404.1520(a) (2006). Under that test, the ALJ first determined that Plaintiff had not been performing substantial gainful activity. (R. at 16.) If he had, he would not

2

have qualified as disabled under the regulations. 20 C.F.R. § 404.1520(b) (2006). The ALJ then determined that Plaintiff suffers from post-traumatic stress disorder (PTSD) and has a history of alcoholism and drug use. (R. at 16.) If not, then he could not have established a disability. 20 C.F.R. § 404.1520(c) (2006). The ALJ then determined that the impairment did not meet or equal a listed impairment in Appendix 1 of 20 C.F.R. § 404, Subpart P. (R. at 16–17.) Specifically, the ALJ determined that there was no evidence to support the contention that the requirements of Listing 12.06 were satisfied. (R. at 17.) Therefore, the ALJ was required to determine Plaintiff's residual functioning capacity[1] ("RFC") and if, based on that capacity, he could return to his prior work. 20 C.F.R. §§ 404.1520(e)–(f) (2006). The ALJ found that Plaintiff retained the residual functional capacity to perform a wide variety of work activities. (R. at 17.) Plaintiff would be able to return to his prior work. (R. at 19.) Therefore, he is not disabled. (R. at 20.)

Plaintiff's objection is largely a restatement of his earlier arguments. The relevant period here is June 1989 to June 1995. Plaintiff received no medical care during this time period. This by itself is not a fatal flaw, but the claims must be supported in other ways. Here, Plaintiff seeks to prove disability during the relevant period by pointing to reports from 1985 and 1986 (R. at 143–60.) These records do demonstrate symptoms of PTSD, but not enough to meet the requirements of Listing 12.06. This is bolstered by the fact that Plaintiff was working from 1980 to 1989 as a general laborer at Tobacco Company. (R. at 142.)

Plaintiff was diagnosed with PTSD in 2002. (R. at 18.) From this, Plaintiff extrapolates

---

[1] "Residual Functional Capacity" is defined as the most an individual can do after considering the relevant impairments. 20 C.F.R. § 404.1545 (2006).

that he must have met the requirements of Listing 12.06 during the relevant period. (Pl. Obj. ¶ 3.) Whether I believe that the Plaintiff was disabled during the relevant period is irrelevant. The issue is whether the ALJ had substantial evidence to support the conclusion that Plaintiff could not prove that he was disabled. 42 U.S.C. § 405(g).

The ALJ's conclusion was based on 1) the fact that Plaintiff was gainfully employed during the relevant period; 2) that Plaintiff did not seek treatment during the relevant period; 3) that Plaintiff's alcohol and drug use were a factor in his alleged disability; and 4) Dr. Muller's opinion. (R. at 18.) The ALJ also notes the opinion of F. Lynn McGhee, MSW, which supports Plaintiff's contention. However, the ALJ notes that Ms. McGhee could not definitely state that Plaintiff was unemployable. (*Id.*) The determination of credibility and the weighing of evidence is the ALJ's responsibility. 20 C.F.R. §§ 404.1527, 416.927. Therefore, substantial evidence supports the ALJ's determination.

## IV. CONCLUSION

For reasons stated herein, I will ADOPT the Magistrate Judge's Report and REJECT the Plaintiff's objections. I will GRANT Defendant's Motion for Summary Judgment. The Clerk will be directed to send this Opinion and the accompanying Order to all counsel of record, and to DISMISS the case from the docket of this Court.

Entered this 11th day of April, 2008.

s/Jackson L. Kiser  
Senior United States District Judge
